1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  GEORGE AND RITA SERBAN,                    CASE NO. CV F 06-504 OWW DLB

12                                             **FINDINGS AND RECOMMENDATIONS ON**
                          Plaintiff,          **PETITION TO QUASH IRS SUMMONS AND**
13                                             **GOVERNMENT'S MOTION TO DISMISS**
            vs.                                **PETITION TO QUASH IRS SUMMONS AND**
14                                             **TO COUNTER PETITION TO ENFORCE**
                                               **IRS SUMMONS**
15  FRED CHYNOWETH, Revenue                    (Docs. 1, 3.)
    Agent,
16
                          Defendant.
17  _____/

18
                          **INTRODUCTION**
19
            The United States of America ("Government") seeks to dismiss a petition to quash Internal
20
    Revenue Service ("IRS") summonses, demand for bill of particulars, request for injunction and claim
21
    for personal damages filed by George and Rita Serban ("Petitioners") and to enforce the IRS summonses
22
    issued to Bakersfield Santa Fe Federal Credit Union ("Bakersfield Santa Fe"), Charles Schwab and
23
    Company Inc. ("Charles Schwab"), Ticor Title, and Washington Mutual Bank.  The Government further
24
    seeks to substitute itself in place of defendant Revenue Agent Fred Chynoweth ("Agent Chynoweth")
25
    as the real party in interest.
26
            The Government set the hearing on the motion to dismiss for August 11, 2006.  Petitioners have
27
    not filed an opposition to the motion to dismiss.  Pursuant to Local Rule 78-230(c), (h), this Court
28

                                   1

considered the Government's motions on the record and without oral argument or the August 11, 2006

hearing, which was vacated.  On August 14, 2006, Petitioners filed an "objection" to the motion to

dismiss arguing that the summons and complaint had not yet been served.  For the reasons discussed

below, this Court RECOMMENDS to:

1.    DISMISS Agent Chynoweth and substitute the United States of America in his place;

2.    DENY the petition to quash the IRS summonses to Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank; and

3.    GRANT the Government's motions to dismiss the petition and to enforce the IRS summonses to Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank.

**BACKGROUND**

Agent Chynoweth is investigating Petitioners' tax liabilities for the tax years 2002, 2003 and

2004.  On April 7, 2006, Agent Chynoweth served third party record-keeper summonses on Bakersfield

Santa Fe, Charles Schwab, Ticor Title, Washington Mutual Bank, MidFirst Bank, National Financial

Services LLC and Pershing LLC for records relating to Petitioners' accounts and transactions for the

relevant tax years.  Bakersfield Santa Fe, Charles Schwab, Ticor Title and Washington Mutual Bank are

located within this Court's jurisdiction.  In contrast, MidFirst Bank, National Financial Services LLC

and Pershing LLC are not located within this Court's jurisdiction (Chynoweth Dec. ¶ 17) and therefore

the summonses to these entities cannot be challenged in a petition to quash filed in this district.  On

April 7, 2006, Agent Chynoweth served Petitioners notice of the summonses to  Bakersfield Santa Fe,

Charles Schwab, Ticor Title, Washington Mutual Bank by certified mail.

The Government represents that Charles Schwab and Ticor Title have not provided the requested

records.  The Government further represents that Bakersfield Santa Fe and Washington Mutual Bank

have produced records but aside from verifying the production, it has not further reviewed the records

pending the Court's ruling on the petition to quash.

On April 27, 2006, Petitioners filed a "Petition to Quash Summonses, Demand for a Bill of

Particulars, Request for Injunction, Claim for Personal Damages" ("Petition") to challenge validity of

the IRS summonses  and service.  The Petition names Agent Chynoweth in his individual capacity as

2

1  the sole defendant.  Agent Chynoweth received the petition by mail on August 28, 2006 and has not been

2  personally served.   Neither the United States Attorney nor the Attorney General have been served with

3  the petition.  The Court notes that Petitioners argue in their objection filed August 14, 2006 that they

4  have until August 24, 2006 to complete service of the summons and complaint.  As of the date of this

5  recommendation, no further proof of service has been filed.

6        On July 5, 2006, the Government filed its papers to:

7       1.    Dismiss all claims against Agent Chynoweth and to substitute the Government as

8           defendant;

9       2.    Dismiss the petition on the following grounds:

10           (a)    Lack of subject matter jurisdiction in that Petitioners failed to serve its petition

11               within 20 days after Petitioners received notice of the IRS summons;

12           (b)    The APA does not apply to Petitioners' claims;

13           (c)    Lack of subject matter jurisdiction as to MidFirst, National Financial and

14               Pershing; and

15       3.    Enforce the IRS summons.

16  Agent Chynoweth's supporting declaration states:

17       1.    The IRS does not possess the summoned records;

18       2.    The summoned records are necessary "to investigate petitioners' financial information

19           and examine petitioners' federal tax liabilities for the tax years 2002 and 2003."

20       3.    "All administrative steps required by the Internal Revenue Code for issuance of

21           summons have been taken"; and

22       4.    To the present, there is no "criminal referral to the Department of Justice in effect with

23           respect to petitioners, as defined in Section 7602(d) of Title 26, U.S.C., for tax years

24           2002, 2003 or 2004."

25  **DISCUSSION**

26  **Real Party In Interest**

27        The Government claims it is the real party in interest to be substituted as defendant in place of

28  Agent Chynoweth in that Agent Chynoweth acted in his official capacity to issue the IRS summons.  The

3

1    Government is correct.  "When an action is one against named individual defendants, but the acts

2    complained of consist of actions taken by defendants in their official capacity as agents of the United

3    States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th

4    Cir. 1989).  "[A] suit against IRS employees in their official capacity is essentially a suit against the

5    United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see Hawaii v. Gordon*, 373

6    U.S. 57, 58, 83 S.Ct. 1052 (1963); *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983); *English v. Krubsack*,

7    371 F.Supp.2d 1198, 1200 (E.D. Cal. 2005) (dismissing revenue agent and substituting Government as

8    real party in interest in action to quash IRS summons).  Moreover, Agent Chynoweth is immune from

9    individual liability for his revenue agent actions. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985).

10   As such, the Government is the proper defendant to warrant dismissal of Agent Chynoweth and

11   substitution of the Government in his place.

12                                        **Untimely Service of Petition**

13        The Government contends that this Court lacks subject matter jurisdiction in that Petitioners

14   failed to comply with 26 U.S.C. § 7609(b)(2)(B)[1] to serve the petition upon the summoned parties within

15   20 days after notice of the IRS summonses.  Under the doctrine of sovereign immunity, the Government

16   "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert*,

17   756 F.2d at 1458.  The Government consents to petitions to quash IRS summonses when a challenging

18   taxpayer files and serves "by registered or certified mail" on the summoned parties and the IRS, through

19   its revenue agent designated in the notice of summons, a petition to quash no later than 20 days after the

20   IRS provided notice of summons to the taxpayer.  *See* 26 U.S.C. § 7609(b)(2)(A), (B); *Travis v. Miki*,

21   394 F.Supp.2d 1277, 1280 (D. Hi. 2005).    Section 7609(b)(2)(A)'s 20-day filing requirement is

22   jurisdictional.  *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *see, e.g., Fogelson v.

23   United States*, 579 F.Supp. 573, 574 (D. Kan. 1983); *Grishman v. United States*, 578 F.Supp. 73, 74

24   (S.D. N.Y. 1983);  *Bilodeau v. United States*, 577 F.Supp. 234, 235 (D. N.H. 1983); *Riggs v. United

25   States*, 575 F.Supp. 738, 741-742 (N.D. Ill. 1983).  "[T]he twenty-day limit must be strictly construed

26   because it is a condition precedent to the waiver of sovereign immunity."  *Ponsford,* 771 F.2d at1309.

27   _____

28         [1]        Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, 26 U.S.C.
     § 1, et seq.

                                                    4

1    The notice is given under section 7609, and the 20-day period begins to run on the date the IRS gives,

2    sends or mails notice of the summons to the taxpayer, not until its receipt by the addressee. *Stringer v.*

3    *United States*, 776 F.2d 274, 275-276 (11th Cir. 1985); *Franklin v. United States*, 581 F.Supp. 38 (E.D.

4    Mich. 1984); *Bilodeau*, 577 F.Supp. 234; *Riggs*, 575 F.Supp. at 741.

5         Here, Agent Chynoweth served Petitioners on April 7, 2006 by certified mail notice of the

6    summonses.  Petitioners have not established that they timely served the petition to quash on the

7    summoned parties.  Petitioners have failed to comply with section 7609(b)(2)(B) to serve the petition

8    on the summoned parties within 20 days and in turn to invoke this Court's jurisdiction to hear the

9    Petition. *See Chapple v. Internal Revenue Service*, 1996 WL 249351, p. 1 (D. Id.) (petition to quash IRS

10   summons dismissed for lack of subject matter jurisdiction due to failure to comply strictly with section

11   7609(b)(2)(B) to send copy of petition to issuing revenue agent within 20 days of notice of IRS

12   summons); *Dame v. United States*, 643 F.Supp. 533, 534-535 (S.D.N.Y. 1986) (dismissal for lack of

13   subject matter jurisdiction for failure to serve petition to quash on summoned party within 20 days);

14   *Shipley v. United States*, 1994 WL 731541, p. 1-2 (dismissal for lack of subject matter jurisdiction for

15   failure to file and serve petition to quash IRS summons within 20 days).  In the absence of subject matter

16   jurisdiction, the Petition must be dismissed.

17        The record reveals further deficiencies as to petition service on the United States Attorney

18   General and the United States Attorney for this district.  Service of process on the Government is

19   effectuated:

20        (A) by delivering a copy of the summons and of the complaint to the United
     States attorney for the district in which the action is brought or to an assistant United
21   States attorney or clerical employee designated by the United States attorney in writing
     filed with the clerk of the court or by sending a copy of the summons and of the
22   complaint **by registered or certified mail** addressed to the civil process clerk at the
     office of the United States attorney and

23
          (B) by also sending a copy of the summons and of the complaint **by registered
24   or certified mail** to the Attorney General of the United States at Washington, District
     of Columbia, and
25
          (C) in any action attacking the validity of an order of an officer or agency of the
26   United States not made a party, by also sending a copy of the summons and of the
     complaint by registered or certified mail to the officer or agency.
27

28   F.R.Civ.P. 4(i)(1)(A) – (C) (Bold added).

1    F.R.Civ.P. 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process."  If

2    service of process is not accomplished within 120 days of filing an action, this Court is empowered to

3    dismiss the action.  *See* F.R.Civ.P. 4(m); *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986).

4    Petitioners have failed to file a proof to show service of the petition on the U.S. Attorney's Office for

5    the Eastern District of California and the U.S. Department of Justice.  Petitioners' failure to serve these

6    offices further supports dismissal of its petition.

7    Moreover, with respect to the IRS summonses issued to MidFirst, National Financial and

8    Pershing, the petition to quash must be dismissed for lack of subject matter jurisdiction as these entities

9    are not located within the Court's jurisdiction.  *See Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.

10   1995)[jurisdiction over a petition to quash lies in the United States District Court for the district within

11   which the person to be summoned resides or is found.]

12                                        **Summons Enforcement**

13   The Government seeks to enforce the IRS summonses to Bakersfiled Santa Fe, Charles Schwab,

14   Ticor Title and Washington Mutual.  The IRS has broad investigatory powers under the Internal Revenue

15   Code.  *See* 26 U.S.C. §§ 7601-7613.  Under section 7602(a)(1), the IRS is empowered to issue a

16   summons to compel examination of "books, papers, records or other data which may be relevant or

17   material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where

18   none has been made" and "determining" and "collecting" tax liability.  The relevance requirement under

19   section 7602 is whether the requested material "might have thrown light upon the correctness of the

20   return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 &

21   n. 11 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996).

22   The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even

23   because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964)

24   (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

25   Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses

26   issued under authority of the United States."  Section 7602(a)(2) provides the IRS is not limited to

27   issuing summonses to taxpayers under investigation and is authorized to summon "any person having

28   possession, custody, or care of books of account" relating to the taxpayer or to summon "any other

6

person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry.  A summons may be directed to almost anyone.  *See, e.g., Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985) (statute provides IRS with "broad powers to summon information relevant to determining the liability of any taxpayer.")  The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS."  *Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. at 1501.

Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and require the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code . . . with respect to, any person (other than the person summoned) who is identified in the summons . . ."  Section 7609(i)(1) obligates a summoned party "to assemble the records requested" and to "be prepared to produce the records pursuant to the summons on the day on which the records are to be examined."

Section 7609(b)(2)(A) authorizes the IRS to "seek to compel compliance with [an IRS] summons."  Section 7604(a) grants this Court jurisdiction to enforce an IRS summons.  To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code.  *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal.  This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.  *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985).  Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.  *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that

7

1  the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*,

2  6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

3      Agent Chynoweth's declaration satisfies the *Powell* requirements to establish a prima facie case

4  that he issued the summonses in good faith.  In his declaration, Agent Chynoweth explained that he

5  issued the summons legitimately in that the summoned records are necessary "to investigate petitioners'

6  financial information and to examine petitioners' federal tax liabilities for tax years 2002 and 2003."

7  Agent Chynoweth confirmed he complied with IRS summons requirements by serving the summonses

8  by certified mail to Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank.

9  Agent Chynoweth also confirmed that he served notice of the summonses by certified mail on

10 Petitioners.  In addition, he declared that the IRS lacks possession of the records sought by the summons

11 and that there has been no referral for criminal prosecution for the tax years 2002 and 2003.

12                              **Merits of the Petition**

13     The Government contends that Petitioners' challenges to the IRS summons lack merit and that

14 Petitioners fail to meet their heavy burden to quash the summons.  After the Government establishes a

15 prima facie case of an IRS summons' good faith, "a 'heavy' burden falls upon the taxpayer to show an

16 abuse of process" or "the lack of institutional good faith."  *Dynavac, Inc.*, 6 F.3d at 1414; *Anaya v.*

17 *United States*, 815 F.2d 1373, 1377 (9th Cir. 1987); *Liberty Financial*, 778 F.2d at 1392.  A taxpayer

18 challenging an IRS summons "must allege specific facts and evidence to support his allegations."

19 *Liberty Financial*, 778 F.2d at 1392.  IRS "summons enforcement proceedings should be summary in

20 nature."  *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 1193 (1989) (quoting legislative

21 history).

22     Petitioners offer nothing to substantiate its heavy burden to quash the IRS summonses to

23 Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank.

24                            ***Controlling Organic Law***

25     In the petition, Petitioners challenge IRS authority under section 7602 to issue a summons on

26 grounds that the "organic and controlling summons authority is § 3173 of the Revised Statutes," which

27 purportedly "impeaches" such section.  Such challenge is meritless in that section 7602 grants the IRS

28 broad summons powers.  "Under 26 U.S.C. § 7602, the IRS has broad powers to summon information

1    relevant to determining the liability of any taxpayer." *Chen Chi Wang*, 757 F.2d at 1002.  Section

2    7602(a) empowers the IRS to "obtain such information from the taxpayer himself, or it may require

3    production from 'any person' holding records 'relating to the business of the person liable for tax' or

4    'any other person the Secretary or his delegate may deem proper.'" *Chen Chi Wang*, 757 F.2d at 1002

5    (quoting 26 U.S.C. § 7602(a)).  The IRS may issue a summons for the purposes set out in section 7602,

6    including "ascertaining the correctness of any return, making a return where none has been made,

7    determining the liability of any person for any internal revenue tax . . . or collecting any such liability."

8    26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

9            The IRS was authorized to issue the summonses to Bakersfield Santa Fe, Charles Schwab, Ticor

10   Title, and Washington Mutual Bank.

11                                    ***Delegation of Authority***

12           Petitioners assert that Agent Chynoweth lacks delegated authority to issue the summonses under

13   26 U.S.C. § 7602 and asserts that only Alcohol Tobacco and Firearms agents have such authority.  This

14   argument lacks merit in that section 7804(a) authorizes the IRS to employ revenue agents "for the

15   administration and enforcement of the internal revenue laws," including those regarding IRS

16   summonses.  Under 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 4 (Revision 22), the duties

17   of issuing and serving administrative summonses are delegated to IRS agents, such as Agent Chynoweth.

18   As noted above, the IRS has broad authority to summon records from third parties.  Petitioners fail to

19   demonstrate Agent Chynoweth lacked authority to issue the summonses to Bakersfield Santa Fe, Charles

20   Schwab, Ticor Title, and Washington Mutual Bank.

21                              ***Failure to Follow all Administrative Steps***

22           Petitioners complain that Agent Chynoweth failed to provide the reasonable notice in advance

23   on the proper form that the IRS intended to contact third-party record keepers as required at 26 U.S.C.

24   § 7602(c)(1).  Petitioners' complaint has no merit because  Agent Chynoweth served notice of the IRS

25   summonses on March 31, 2006 in advance of the service of the summonses on April 7, 2006.  *See*  26

26   U.S.C. § 7602(c)(1), 26 C.F.R. § 301.7602-2(d).

27                                        ***Particular Liability***

28           Petitioners' next claim that since it filed tax returns for the years in question and self determined

                                                      9

1   a "particular liability" of which the IRS has information, the IRS has no ability to take any further

2   verification action.  Petitioners also argue that the summonses were required to state with more

3   specificity the "particular liability" subject to examination by the IRS.

4          Clearly, the IRS is authorized to investigate Petitioners' tax liability.  Section 7602(a)(1)

5   empowers the IRS to examine "books, papers, records or other data which may be relevant or material"

6   to an inquiry for "ascertaining the correctness of any return, making a return where none has been made"

7   and "determining" and "collecting" tax liability.  The relevance requirement under section 7602 is

8   whether the requested material "might have thrown light upon the correctness of the return." *Arthur*

9   *Young & Co.*, 465 U.S. at 813-815 & n. 11, 104 S.Ct. at 1501 & n. 11 (1984); *David H. Tedder &*

10  *Associates*, 77 F.3d at 1169.  The IRS may issue a summons to investigate "merely on suspicion that the

11  law is being violated, or even because it wants assurance that it is not." *Powell*, 379 U.S. at 57, 85 S.Ct.

12  248 (1964) (quoting  *Morton Salt Co.*, 338 U.S. at 642-643, 70 S.Ct. 357).   Agent Chynoweth was

13  authorized to issue the IRS summonses to Bakersfield Santa Fe, Charles Schwab, Ticor Title, and

14  Washington Mutual Bank to investigate Petitioners' tax liability despite whether Petitioners' self-

15  determined its tax liability.  The summonses seek records for the tax years 2002 and 2003, the years he

16  was investigating.  Agent Chynoweth correctly notes that the IRS lacks the information sought from

17  Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank.

18                                          *Perjury Statement*

19         Petitioners assert that section 6065 requires the IRS summons to be signed under penalty of

20  perjury.  Petitioners' reliance on section 6065 is erroneous because it applies to tax returns and related

21  documents submitted to the IRS, not to IRS summonses. *See Morelli v. Alexander*, 920 F.Supp. 556,

22  558 (S.D.N.Y. 1996); *Villella v. United States*, 2000 WL 968773, p. 6 (S.D.N.Y. 2000).

23                                          **CONCLUSION**

24         For the reasons discussed above, this Court RECOMMENDS to:

25  1.     DISMISS named defendant IRS Revenue Agent Fred Chynoweth and substitute the

26         United States of America in his place;

27  2.     DENY the petition to quash the IRS summonses to Bakersfield Santa Fe, Charles

28         Schwab, Ticor Title, and Washington Mutual Bank;

3.    GRANT the United States of America's motion to dismiss the petition and to enforce the IRS summonses to Bakersfield Santa Fe, Charles Schwab, Ticor Title, and Washington Mutual Bank; and

4.    DIRECT this Court's clerk to enter judgment in favor of defendant United States of America and against plaintiffs George and Rita Serban and to close this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within 15 days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 19, 2006**                    /s/ *Dennis L. Beck*
3b142a                                      UNITED STATES MAGISTRATE JUDGE